UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HELEN ROJAS, IRMA RIVERA, ALEJANDRO AZANA, and A.V. and H.V., by next of friend IRMA RIVERA,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF WEST HAVEN, CHIEF OF POLICE JOHN KARAJANIS, SERGEANT RON CELENTANO, OFFICER BRIAN BOGERT, OFFICER MICHAEL WOLF, OFFICER DEBBIE D'AMATO, OFFICER SCOTT BLOOM, OFFICER CHRISTOPHER NOLAN, OFFICER CHRISTOPHER ZITNAY, OFFICER THOMAS FLAHERTY, and OFFICER ROBERT FAZZINO,<br>    Defendants. | No. 3:10cv2011 (WWE) |

## RULING ON MOTION TO DISMISS

Plaintiffs Helen Rojas, Irma Rivera, Alejandro Azana and A.V. and H.V. assert civil rights and Connecticut common law tort actions against West Haven, its Chief of Police and several West Haven police officers. Officers Christopher Nolan, Christopher Zitnay, Thomas Flaherty and Robert Fazzino have filed a motion to dismiss the claims asserted against them in the amended complaint as time barred. For the following reasons, the Court will deny the motion to dismiss.

## BACKGROUND

Plaintiffs commenced this lawsuit on December 21, 2010 alleging that their constitutional rights were violated on October 25, 2009, when the West Haven police

1

entered plaintiff Irma Rivera's apartment.

On October 19, 2012, plaintiffs filed a motion to amend the complaint and join Officers Nolan, Zitnay, Flaherty, and Fazzino as defendants. Plaintiffs had attached the amended complaint to their motion to amend. On October 22, 2012, the motion to amend was granted. However, the amended complaint was not filed on the docket until January 24, 2013.

Defendants Nolan, Zitnay, Flaherty and Fazzino now move to dismiss the amended complaint against them as time barred.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendants maintain that plaintiffs' civil rights claims are barred by the three year Connecticut statute of limitations applicable to Section 1983 actions. Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994). Plaintiffs' claims for assault and battery and

intentional infliction of emotional distress are also subject to a three year statute of limitations.  Decorso v. Watchtower Bible and Tract Society, 78 Conn. App. 865, 873 (2003) (intentional infliction of emotional distress); Daoust v. McWilliams, 49 Conn. App. 715, 720 (1998) ) (assault and battery).  In this instance, the three year limitations period expired on October 23, 2012, one day subsequent to the date that the Court granted the motion to amend.

The claims for recklessness and maliciousness, negligence, and negligent infliction of emotional distress are governed by the two year statute of limitations for actions related to negligence, misconduct or malpractice.  Conn. Gen. Stat. § 52-584.

Upon review, the Court will deny the motion to dismiss on the basis of the relation back doctrine that allows for additional defendants to be named in an amended complaint filed past the expiration of a statute of limitations if the allegations relate back to the original complaint.  VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001); Fed. R. Civ. P. 15(c).  The Court must consider whether (1) both complaints arise out of the same conduct, transaction or occurrence, (2) the additional defendants were omitted from the original complaint due to a mistake of identity, and (3) the additional defendants are not prejudiced by the delay.  VKK Corp., 244 F.3d at 128; See  Krupski v. Costa Crociere S.p.A.., 560 U.S. 538, 547 (2010).  In Krupski, the Supreme Court indicated that the "mistake" requirement does not bar relation back for a plaintiff who failed to name a defendant due to lack of knowledge of that defendant's name.  Id. at 548; Archibald v. City of Hartford, 274 F.R.D. 371, 377 (D. Conn. 2011).

In this instance, the amended complaint concerns the same incidents and events that occurred in plaintiff Irma Rivera's apartment on October 25, 2009.  Plaintiffs assert

3

that the additional defendants were part of the West Haven "Street Crime Unit" who had been mistakenly or incorrectly identified by the police report first obtained by plaintiffs. Plaintiffs identified the correct defendants through depositions with other officer defendants in August and late-September 2012.  The Court notes that prejudice to the additional defendants is minimized by the fact that defendants had notice of the lawsuit when it was originally filed in 2010, all defendants have participated in the discovery, and all defendants are represented by the same law firm.

Plaintiffs should have acted in a more timely manner to file the amended complaint.  However, in light of plaintiffs' diligent discovery efforts and the minimal prejudice to defendants, the Court will allow the amended complaint under the relation back doctrine.  Accordingly, the motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #41] is DENIED.

DATED this _3rd__th day of March, 2014, at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE